## In re JACKSON et al.

(District Court, D. Vermont. May 12, 1899.)

BANKRUPTCY—COLLECTION OF ASSETS.
> Where a debtor of the bankrupt gave him a promissory note made payable to the order of a certain bank, but the same had not been indorsed by the bank, and no notice of any assignment of it had been given to the maker, and the trustee in bankruptcy could not find the note, *held*, that the bank should be restrained from indorsing the note, and that the debtor should not be permitted to set up the note against payment to the trustee of his indebtedness to the estate.

In Bankruptcy. On report of referee in bankruptcy.

George N. Dale, for trustee in bankruptcy.
Elisha May and J. W. Erwin, for certain creditors.
Porter Dale, for Dyer and Island Pond Nat. Bank.

WHEELER, District Judge. The report of the referee on the petition of the trustee shows that creditors, undertaking to reach assets of the estate held in some alleged fiduciary capacity by trustee process in the state courts, have stipulated to discontinue their suits. Questions as to such liabilities of bankrupts relate to the discharge, and not to the assets, or the right of the trustee to the assets, which this court seems to have jurisdiction to protect. The stipulations, if carried out, will avoid the necessity of any injunction to restrain these suits. The report shows that Dyer gave Jackson a note dated October 27, 1898, payable to the order of the Island Pond National Bank three months or ninety days from date, on partnership account, which the trustee cannot find, the bank has not indorsed, and no notice of any assignment of which given to Dyer appears, and that Dyer owes the bankrupt firm $87, if the note is disregarded. It would not become negotiable paper as to others without indorsement by the bank, nor could it be effectively assigned as a chose in action without notice to Dyer, and could not

be in existence anywhere before the bankruptcy proceedings as a valid claim against Dyer but in the hands of Jackson, nor since but in his hands, where it would 'belong to the trustee, or in the hands of the trustee as an asset of the estate. Dyer might be embarrassed if the bank should indorse it; therefore such indorsement should be restrained, and Dyer should not then be permitted to set up the note so unaccounted for against payment to the trustee of what is justly due from him to the estate. These proceedings may remain pending for carrying out these suggestions. Ordered accordingly.